IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD LEROY HOGAN,**<br><br>Petitioner,<br><br>v.<br><br>**RAFAEL ZUNIGA,**<br><br>Respondent. | Case No. 1:15-cv-01580 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on October 16, 2015. He is currently incarcerated at Federal Correctional Institution, Mendota in Mendota, California.

n September 16, 1996, Petitioner was convicted of conspiracy with intent to distribute cocaine and cocaine base and eight other related charges in the District of Nevada. See United States v. Hogan, D. Nev., Case No. 94-44-DWH. Petitioner was sentenced to a term of thirty (30) years imprisonment on count one, with all other

sentences to be served concurrent to that charge. (See Pet. at 1.) Petitioner also was assessed with criminal monetary assessments of $50 for each of the nine charges for a total of $450. (Pet. at 8.) Petitioner asserts that the trial court violated his Fifth Amendment right to freedom from Double Jeopardy, asserting that he should have only been assessed $50 since all of the other charges were concurrent and that the present assessment results in multiple punishments for the same offense.

Despite several prior attempts to challenge his convictions or reduce his sentence, Petitioner now claims that he is entitled to relief as to the monetary assessment portion of his conviction and sentence.

I. **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to this petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice of pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. JURISDICTION

A federal court may not entertain an action over which it has no jurisdiction. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Petitioner seeks review of his conviction and sentence under § 2241, arguing that the sentencing court violated his Fifth Amendment right to freedom from Double Jeopardy. (See Pet.) Because Petitioner is challenging the validity and constitutionality of a portion of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence, § 2255's exclusive remedy rule bars the present petition, unless the savings clause applies.

### A. Application of The Savings Clause

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention."

Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit further held that relief pursuant to § 2241 is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). Accordingly, a petitioner must prove both actual innocence and lack of unobstructed procedural opportunity to demonstrate that a remedy under § 2255 is inadequate or ineffective. Ivy, 328 F.3d at 1057. As discussed in more detail below, Petitioner fails to meet either of these requirements.

      B.    Actual Innocence

Petitioner's attempt to seek redress by way of a petition for writ of habeas corpus under § 2241 is fatally flawed based on his failure to argue or show that he is actually innocent of the crime of conviction.

The first condition for applying the § 2255 savings clause is to make a showing of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence. He must not

only show that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

As to establishing an actual innocence claim, Petitioner faces an obstacle - the Ninth Circuit has never extended to savings clause to a § 2241 petitioner who presents purely legal challenges to his sentence:

> We have not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch. It is clear, however, that Petitioner's claim that two of his prior offenses should no longer be considered "related," and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of "actual innocence" for the purposes of qualifying to bring a § 2241 petition under the escape hatch.
>
> Our sister circuits are in accord that petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement.

Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012).

Here, Petitioner challenges his monetary assessment. (Pet.) Because Petitioner asserts a purely legal claim, and because the savings clause of § 2255 extends only to petitioners asserting claims of factual innocence, Petitioner has not set forth a valid actual innocence claim that is cognizable under § 2241. His § 2241 petition must be dismissed.

C.     Unobstructed Procedural Opportunity

The Court turns to whether the Petitioner has had "any opportunity" to seek relief from the sentencing court on the claim presented here. See Abdullah, 392 F.3d at 959. If so, then he cannot show that § 2255 is either inadequate or ineffective.

Petitioner did not lack an unobstructed opportunity to present his claims in his § 2255 motion. In fact, Petitioner exhausted the procedural opportunities to which he is

legally entitled long ago. Petitioner sought direct review of his conviction, which was denied on March 30, 1988. See United States v. Jackson, 1998 U.S. App. LEXIS 6527 (9th Cir. 1998). Petitioner then filed at two motions with the district courts for modification and reduction of his sentence under 18 U.S.C. § 3582. All the motions were denied by the district court and affirmed by the Ninth Circuit. See United States v. Hogan, 398 Fed. Appx. 292 (9th Cir. Nev. 2010); United States v. Hogan, 2012 U.S. Dist. LEXIS 72276 (D. Nev. May 24, 2012); United States v. Hogan, 516 Fed. Appx. 640, 641 (9th Cir. Nev. 2013). Accordingly, Petitioner did not lack an unobstructed procedural opportunity but instead was afforded an appropriate opportunity to present his claims under § 2255 or related motions.

Petitioner cannot prove his actual innocence or that he failed to receive an unobstructed opportunity under § 2255. For these reasons, Petitioner has failed to show that his § 2255 remedy is inadequate or ineffective in order to invoke the savings clause. Because Petitioner is not entitled to relief under § 2241, it is recommended that his habeas petition will be denied and this proceeding will be dismissed for lack of jurisdiction.

### III.  CONCLUSION AND RECOMMENDATION

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court

will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     January 13, 2016                /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE